UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DENNIS R. SMITH, III,
      Petitioner,

vs.

UNITED STATES OF AMERICA,
      Respondent.

CRIMINAL NO. 06-369

# PETITIONER'S REPLY IN FURTHER SUPPORT
# OF PETITION FOR CORAM NOBIS RELIEF

**METTE, EVANS & WOODSIDE**
Ronald L. Finck (PA I.D. 89985)
3401 North Front Street
Harrisburg, Pa 17110-0950
Phone: (717) 232-5000
rlfinck@mette.com

**BLANK ROME LLP**
Joseph G. Poluka (PA I.D. 02455)
*(Special Admission)*
Gabrielle M. Gesek (PA I.D. 329131)
*(Special Admission)*
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103-6998
Phone: 215.569.5624
Poluka@blankrome.com

*Attorneys for Petitioner Dennis R. Smith, III*

1

**TABLE OF CONTENTS**

**Page**

I. THE MERITS OF THE UNDERLYING CRIMINAL MATTER ARE NOT AT ISSUE IN *CORAM NOBIS* PROCEEDINGS.................................................................................4

II. *SNYDER* CLARIFIES THE SCOPE OF SECTION 666 AND RENDERS SMITH'S CONVICTION INVALID.........................................................................................6

III. SMITH'S CLAIM IS PROPERLY BEFORE THE COURT AND NOT BARRED BY DELAY. ....................................................................................................................8

IV. SMITH HAS DEMONSTRATED A FUNDAMENTAL ERROR WARRANTING RELIEF....................................................................................................................10

V. CONCLUSION........................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Chin v. United States*,
   622 F.2d 1090 (2d Cir. 1980) .......................................................................... 5

*DiModica v. United States*,
   No. 08-6156, 2009 U.S. Dist. LEXIS 67660, 2009 WL 2407415 (D.N.J. Aug. 4, 2009) .......................................................................................................... 5

*Ragbir v. United States*,
   950 F.3d 54 (3d Cir. 2020) .......................................................................... 4, 8

*Salahuddin v. United States*,
   No. CR 10-104 (FLW), 2018 WL 5342766 (D.N.J. Oct. 29, 2018) .................. 5

*Snyder v. United States*,
   603 U.S. 1 (2024) ................................................................................... *passim*

*Sun v. United States*,
   342 F. Supp. 2d 1120 (N.D. Ga. 2004*), aff'd,* 151 F. App'x 860 (11th Cir. 2005) .................................................................................................................. 5

*United States v. Baptiste*,
   223 F.3d 188 (3d Cir. 2000) ............................................................................ 4

*United States v. De Castro*,
   49 F.4th 836 (3d Cir. 2022) ............................................................................. 8

*United States v. Lesane*,
   40 F.4th 191 (4th Cir. 2022) ............................................................................ 5

*United States v. Lynch*,
   807 F. Supp. 2d 224 (E.D. Pa. 2011) .............................................................. 6

*United States v. Moore*,
   166 F.2d 102 (7th Cir. 1948) ........................................................................... 7

*United States v. Peter*,
   310 F.3d 709 (11th Cir. 2002) ......................................................................... 7

*United States v. Rhines*,
   640 F.3d 69 (3d Cir. 2011) .......................................................................... 4, 9

*United States v. Stoneman*,
   870 F.2d 102 (3d Cir. 1989) ................................................................... 4, 7, 8

*United States v. Stubbs*,
    No. 2:94-cr-00221-2, 2023 U.S. Dist. LEXIS 132840 (W.D. Pa. Aug. 1, 2023).................... 8

**Statutes**

18 U.S.C. § 666..............................................................................................*passim*

28 U.S.C. § 2255 ................................................................................................ 4, 7, 8

# PETITIONER'S REPLY BRIEF IN SUPPORT OF PETITION FOR CORAM NOBIS RELIEF

Petitioner Dennis R. Smith, III ("Mr. Smith" or "Petitioner") respectfully submits this Reply in further support of his petition for *coram nobis* relief vacating his conviction. The Government's opposition largely seeks to relitigate the merits of the underlying criminal matter, rather than address the narrow and extraordinary circumstances that justify *coram nobis* relief here. The focus of Smith's Petition is not to relitigate the facts of his nearly 20-year-old conviction, but to establish that, in light of intervening Supreme Court authority, his conviction rests on lawful conduct that is not a crime under federal law. The Government's arguments to the contrary are unavailing.

## I. THE MERITS OF THE UNDERLYING CRIMINAL MATTER ARE NOT AT ISSUE IN *CORAM NOBIS* PROCEEDINGS.

The extraordinary writ of *coram nobis* is the appropriate remedy to vacate convictions that are invalid where a defendant, like Smith, has already served his sentence and is no longer in custody. *Ragbir v. United States*, 950 F.3d 54, 62 (3d Cir. 2020) (*coram nobis* is an extraordinary remedy, reserved for correcting fundamental errors of law that render a conviction invalid.). 28 U.S.C. § 2255 provides a means to vacate, set aside, or correct a conviction, yet it does not apply if a defendant is no longer in custody. As a residual and interstitial remedy, *coram nobis* can fill that gap. *Ragbir*, 950 F.3d at 62. It provides a means to challenge a federal conviction where a party who is no longer in custody for purposes of § 2255 faces continuing consequences as a result of being convicted. *United States v. Rhines*, 640 F.3d 69, 71 (3d Cir. 2011); *United States v. Baptiste*, 223 F.3d 188, 189 (3d Cir. 2000); *United States v. Stoneman*, 870 F.2d 102, 105-06 (3d Cir. 1989).

A foundational principle underpinning the writ of *coram nobis* is that "there is very little good reason for maintaining an invalid criminal conviction on a person's record," and a "court's

failure to vacate such a conviction will not inspire confidence in the criminal justice system." *United States v. Lesane*, 40 F.4th 191, 198-99 (4th Cir. 2022) (granting *coram nobis* relief to vacate invalid conviction).

Notably, the writ of error *coram nobis* may not be used to relitigate matters that have already been put in issue and determined. *Sun v. United States*, 342 F. Supp. 2d 1120, 1127 (N.D. Ga. 2004), *aff'd,* 151 F. App'x 860 (11th Cir. 2005); *Salahuddin v. United States*, No. CR 10-104 (FLW), 2018 WL 5342766, at *12 (D.N.J. Oct. 29, 2018) (Salahuddin cannot relitigate this issue on a petition for a writ of error); *DiModica v. United States*, No. 08-6156, 2009 U.S. Dist. LEXIS 67660, at *11, 2009 WL 2407415 (D.N.J. Aug. 4, 2009) ("Petitioner cannot now use the writ of error *coram nobis* to relitigate [his] claims"); *Chin v. United States*, 622 F.2d 1090, 1092 (2d Cir. 1980) ("[I]t is well-settled that once a matter has been decided adversely to a defendant on direct appeal it cannot be relitigated" in a petition for *coram nobis* relief).

The Government's opposition devotes substantial attention to the factual circumstances of Smith's case, reciting the Presentence Investigation Report (Feb. 22, 2007) ("PSR") in an effort to reestablish the elements of bribery under 18 U.S.C. § 666. This approach is misplaced. The question before the Court is not whether Smith's conduct satisfied the elements of the offense as understood at the time of his plea, but whether, in light of the Supreme Court's decision in *Snyder v. United States*, 603 U.S. 1 (2024), his conduct remains—or was ever—criminal. Under *Snyder,* the answer to this question is no.

Although there is no need to relitigate the underlying facts here to grant relief, the Government does not assert any factual basis for a bribe or *quid pro quo* agreement. *First*, like in *Snyder*, where Snyder's "payment" for "his consulting services as a contractor" was found to be a gratuity, 144 S. Ct. at 1948, here, Smith paid McGraw for consulting services for sales and

5

marketing of Smith's business. As noted in Smith's Sentencing Memorandum, "part of why [he] paid [McGraw] was because he had found a grant for USTAAD which [Smith] would not have otherwise known about through the normal course of business." (ECF No. 21). *Second*, and most telling, is the temporal gap: the grant was approved in December 2001, funds were disbursed in January 2002, and the disputed payment to McGraw was not made until October 2002 —an eleven-month span—negating any plausible inference that McGraw received a "bribe," rather than a "gratuity." Plea Hearing Tr., 18:2-7. Because of this evidence, the Government conceded that the gratuity guideline applied instead of the bribery guideline. PSR, ¶ 27.

Because Smith's conviction is invalid and his case satisfies all the prerequisites for *coram nobis* relief, he respectfully requests that the Court grant him such relief and vacate his conviction, so that the outcome in this case is a just one, and not a miscarriage of justice.

## II. *SNYDER* CLARIFIES THE SCOPE OF SECTION 666 AND RENDERS SMITH'S CONVICTION INVALID.

The Supreme Court held that 18 U.S.C. § 666 criminalizes bribes received only in exchange for official acts, *Snyder,* 144 S. Ct. at 1958, and found that the statute does not apply to "gratuities" or gifts given for past acts, absent a *quid pro quo* agreement between the payor and the official. *Panarella*, 2011 WL 3273599, at *8. Here, the Government argues that Smith did not explain how he is factually innocent of bribery and now attempts to distinguish Smith's conduct as bribery rather than a gratuity (ECF No. 36). But, there is no factual basis that would support a bribery conviction under § 666, as discussed above, and the Government conceded in its Sentencing Memorandum that "the payments in this case were more analogous to gratuities, rather than bribes, which results in a tremendous benefit to the defendant.". (ECF No. 19).

6

Specifically, John K. Vaught, the Presentence Probation Officer, stated in his report that:

> Based on a review of the facts of this case, and after a discussion with the prosecutor, the probation officer believes that **the defendant's conduct more closely fits the definition of receipt of a gratuity than bribery**.

*See* PSR, ¶ 27 (emphasis added). *Coram nobis* relief is regularly granted where a defendant is convicted of conduct that is not criminal, as determined by a subsequent ruling from the U.S. Supreme Court. *Panarella*, 2011 WL 3273599, at *10 (granting *coram nobis* relief where: the defendant was convicted of a crime for conduct that was found by the Supreme Court not to be covered by the criminal statute that formed the basis for the conviction; the defendant moved for *coram nobis* relief approximately a month after the Supreme Court's decision; the defendant was no longer in custody; and the defendant's felony conviction precluded employment opportunities and his ability to travel). In *Lynch*, the Court concluded that Lynch demonstrated fundamental error warranting *coram nobis* relief, because the transcript of Lynch's plea hearing makes it clear that the Court accepted his guilty plea to the crime of honest services fraud, based upon an undisclosed conflict of interest, which the Supreme Court since had ruled is not a crime. *United States v. Lynch*, 807 F. Supp. 2d 224, 235 (E.D. Pa. 2011) (serving a probationary sentence for conduct that is not criminal "is, beyond question, a situation that justifies relief under § 2255").

Courts have consistently stated that such a scenario constitutes fundamental error warranting the remedy of *coram nobis*. *See, e.g., Stoneman,* 870 F.2d at 105 (Where a defendant is convicted and punished "for an act that the law does not make criminal[,] there can be no room for doubt that such a circumstance 'inherently results in a complete miscarriage of justice' ... that justif[ies] collateral relief."); *United States v. Peter*, 310 F.3d 709, 715 (11th Cir. 2002) ("The district court had no jurisdiction to accept a plea to conduct that does not constitute mail fraud").

Even if a petition for *coram nobis* relief was the appropriate vehicle to relitigate an underlying claim, which it is not, the Government's reliance on the timing and nature of the agreements between Smith and McGraw does not resolve the legal question of whether the facts, as admitted, establish a *quid pro quo* as required by *Snyder*. The Government's own sentencing memorandum previously acknowledged that "the payments in this case were more analogous to gratuities, rather than bribes." (ECF No. 19). This concession underscores the *ambiguity* that Snyder has now resolved in Smith's favor.

Accordingly, Smith has been convicted for conduct which is not a crime, and, thus, satisfies the requirements for *coram nobis* relief.

### III. SMITH'S CLAIM IS PROPERLY BEFORE THE COURT AND NOT BARRED BY DELAY.

The Government argues that Smith's claim is untimely because the legal theory he now advances was available prior to *Snyder*. This argument ignores the reality that *Snyder*, decided only a year ago, represents a significant clarification of the scope of § 666. "There is no limitation of time within which a writ of error coram nobis lies or within which a motion to vacate may be filed, except that an applicant must show reasonable diligence in presenting his claim." *United States v. Moore*, 166 F.2d 102, 105 (7th Cir. 1948). "A petitioner is not required to challenge his conviction at the earliest opportunity; the writ only requires a petitioner to have sound reasons for not doing so." *Ragbir*, 950 F.3d at 63 (citation and internal marks omitted). As the Third Circuit has stated, "coram nobis reflects the tension that so often exists between finality and equity." *Id.* at 62-63. A court must undertake an "individualized assessment" to determine whether sound reasons justify the delay in the filing of petition. *De Castro*, 49 F.4th at 844; *United States v. Stubbs*, No. 2:94-cr-00221-2, 2023 U.S. Dist. LEXIS 132840, at *10 (W.D. Pa. Aug. 1, 2023). The Third Circuit has "not previously elaborated on the requirement that there

8

was no available remedy at the time of trial, but we can say that it focuses on whether a party was unable to make certain arguments at trial or on direct appeal." *Ragbir*, 950 F.3d at 63; *Stoneman*, 870 F.2d at 106.

Here, there was no opportunity or basis to challenge the conviction until after *Snyder*, and that decision was issued on June 26, 2024, less than a year before Smith filed his Petition. An appeal would be unavailable given that Smith plead guilty and already served his sentence by the time the Supreme Court issued its decision in *Snyder*. Smith cannot challenge the conviction under any other procedures, such as motion to vacate pursuant to 28 U.S.C. § 2255 or petition for habeas corpus because Smith is no longer in custody. Smith promptly filed this motion following *Snyder*, and the change in law described above conclusively establishing that Section 666 does not criminalize gratuities provides a sound reason for not seeking to vacate the conviction sooner. *See United States v. De Castro*, 49 F.4th 836, 844 (3d Cir. 2022) (finding that a change in the law based on a Supreme Court decision provided a "sound reason" for not seeking relief earlier and observing that a 13-month and 18-month delay in filing petition for coram nobis after the Supreme Court decision was reasonable).

The Government's assertion that Smith had other remedies available previously is inaccurate, given the law at the time associated with gratuities. It was not until the recent Supreme Court interpretation in *Snyder* that Smith had a clear path for remedy as the Court ruled a gratuity, in fact, has never been a crime. In fact, all parties agreed, at the time of Smith's sentencing, that Smith paid a gratuity and the Government did not object.

Accordingly, Smith was justified in not seeking relief from the conviction until now and

9

filed his petition promptly after *Snyder* was decided. The government's suggestion that he should have anticipated the Supreme Court's ruling and raised the issue decades earlier is inconsistent with the principles of fairness and finality that underlie *coram nobis* jurisprudence.

## IV. SMITH HAS DEMONSTRATED A FUNDAMENTAL ERROR WARRANTING RELIEF.

The Government contends that Smith cannot establish a fundamental error because, in its view, his conduct still constitutes bribery. This argument again seeks to relitigate the merits, rather than address the legal standard. Under *Snyder*, only conduct involving a clear *quid pro quo*—an agreement to exchange something of value for an official act—constitutes bribery under § 666. The record, including the Government's own prior statements, supports Smith's position that the payments at issue were, at most, gratuities.

Errors that can be remedied through a new trial do not usually fall within the writ of *coram nobis* relief. *Rhines*, 640 F.3d at 71. Instead, the defects must completely undermine the jurisdiction of the court, rendering the trial itself invalid. *Id*. *Coram nobis* is therefore generally inappropriate when an alternative remedy is available. *Id*. But *coram nobis* relief is warranted where a conviction rests on conduct that is not criminal under current law. *Id*. Smith's conviction for lawful conduct that does not constitute a crime is precisely the type of fundamental error that *coram nobis* is designed to remedy.

## V. CONCLUSION

For the foregoing reasons, and those set forth in his Petition, Dennis R. Smith, III, respectfully requests that the Court grant his petition for a writ of *coram nobis* and vacate his conviction. The Government's attempt to relitigate the merits of the underlying criminal matter is improper in this context and should be rejected. The only question before the Court is whether, in light of *Snyder*, Smith's conviction is legally valid. It is not, and relief should be granted.

Dated: July 3, 2025

/s/ Ronald L. Finck

**METTE, EVANS & WOODSIDE**
Ronald L. Finck (PA I.D. 89985)
3401 North Front Street
Harrisburg, Pa 17110-0950
Phone: (717) 232-5000
rlfinck@mette.com

**BLANK ROME LLP**
Joseph G. Poluka (PA I.D. 02455)
*(Special Admission)*
Gabrielle M. Gesek (PA I.D. 329131)
*(Special Admission)*
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Phone: 215.569.5624
Poluka@blankrome.com
*Attorneys for Petitioner Dennis R. Smith, III*

**CERTIFICATE OF SERVICE**

I, Gabrielle Gesek, hereby certify that, on July 3, 2025, I caused the foregoing to be served via the Court's CM/ECF systems, thereby serving a copy on all counsel of record.

*/s/ Gabrielle Gesek*
Gabrielle Gesek
